CHARLES E. DICKERMAN *vs.* ST. PAUL UNION DEPOT COMPANY.

November 1, 1890.

**Depot Company — Gate-Keepers — Regulations. —** The defendant has a rule requiring persons passing through its gates, for the purpose of taking trains, to exhibit their tickets to the gate-keeper, and have them punched by him; also one providing that no passenger shall be allowed to board any train while in motion. *Held,* that these rules are reasonable, and that all persons intending to take trains, and knowing of and having a reasonable opportunity to do so, are bound to comply with them.

**Same—Enforcement of Rules—Use of Force.—**Also, that defendant has a right to enforce them or prevent a violation of them, and to employ such force as may be necessary for that purpose, and may seize hold of and detain passengers so far as necessary to prevent them boarding trains in motion.

Appeal by plaintiff from an order of the district court for Ramsey county, *Kerr,* J., presiding, refusing a new trial after verdict for defendant in an action to recover $5,000 for an assault upon and seizure and detention of plaintiff by one of defendant's gate-keepers.

*Pierce & Qvist,* for appellant.

*Wm. Ely Bramhall,* for respondent.

GILFILLAN, C. J. No claim is made, and none could well be made, against the reasonableness of the rules of the defendant requiring persons passing through the gates for the purpose of taking trains to exhibit their tickets to the gate-keeper and have them punched by him, and providing that no passenger shall be allowed to pass out of

any gate after the train indicated by his ticket has started, or to board any train while in motion. Such or similar rules would seem absolutely necessary to preserve to the defendant control of its grounds, and to enable it to receive and discharge passengers with order, and to the safety, comfort, and convenience of the passengers. All persons having notice of such rules, and a reasonable opportunity to comply with them, are bound to observe them in order to have a right to pass through the gates or to take a train at defendant's depot; and the defendant has a right to enforce such rules, and to prevent their violation, and to use such force as may be reasonably necessary to that end. If in no such case it may use force, then the right to enforce the rules and prevent their violation is but a barren right.

On the occasion which furnished the subject-matter of this action, the plaintiff, while the gate-keeper was occupied in inspecting and punching the tickets of passengers who were going through the gate, passed through without presenting his ticket to be inspected and punched, and without the consent of the gate-keeper, who immediately seized him by the coat, demanding to see his ticket, and, on his showing his ticket, told him he could not go, and, as plaintiff tells it, on his persisting in going, held him till the train he was intending to take had passed out of the depot. The ticket was for the short-line train from St. Paul to Minneapolis, on the Chicago, Milwaukee & St. Paul Railway. Whether that train had already started at the time when plaintiff showed his ticket, the evidence was conflicting, making it a question, so far as material, for the jury.

The theory of the law of the case claimed by plaintiff is presented by one of his requests to instruct the jury as follows: "No violation of any rule, regulation, or practice, on the part of the plaintiff, would justify or excuse the seizure of the plaintiff against his will, after he had passed through the gate." Without determining whether, in passing through the gate in violation of the rule of the defendant, the plaintiff became a trespasser upon that part of the depot without the gate, we will say that the proposition of this request is incorrect. It implies that the instant plaintiff wrongfully got through the gate his obligation to comply with the rule and the right of defendant to

insist on compliance with it ceased.   The gate-keeper had the right to stop him at the gate, and demand sight of his ticket to be punched, and, if necessary in order to stop him for that purpose, had the right to take hold of him, and this right did not cease merely because the plaintiff had wrongfully got across the line of the gate.   The keeper still had the right to enforce the rule; certainly, while plaintiff was so near the gate as to be practically at it, which was the fact in this case.

The theory of law on which the court below put the case to the jury is presented in a part of its general charge excepted to by plaintiff.   After charging that if, after passing through the gate, the plaintiff could have boarded his train before it started or was in motion, then he is entitled to recover at least nominal damages, it said: "If, on the other hand, you find from the evidence that the train plaintiff was intending to take had started before he passed through the gate, or that after he passed through the gate the train started and was in motion before plaintiff could have reached it and got on board if he had not been detained by defendant or interfered with by the gate-man, and if you further find from the evidence that no more force or violence was used by the gate-keeper than to detain plaintiff, and that he was detained no longer than was necessary to prevent his boarding the train when it was in motion, then the plaintiff is not entitled to recover."   This charge is to be taken in connection with the state of the evidence, even that of plaintiff himself, which shows, beyond any question, that he, while detained by the gate-man, insisted upon taking the train in question, and would, had he not been prevented, have attempted to take it even though in motion.   To have done so would have violated the rule of the defendant, that no passenger shall be allowed to board any train while in motion, a rule which the defendant had the same right to enforce as to enforce that requiring passengers to exhibit their tickets in passing through the gates.   The charge excepted to was only to the effect that the defendant had the right to use such force as was necessary to prevent a violation of the rule; that is, to prevent parties boarding trains while in motion.   And that proposition is correct.

Order affirmed.